5:24-CV-00053

**EARLE CABELL FEDERAL BUILDING AND COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS, DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB – 6 2024

CLERK, U.S. DISTRICT COURT
By_____
             Deputy

3 - 24 CV - 336 - G

Delbert G. Rogers, Pro-Se #02634254

Victor Jackson, #03334170

Plaintiff's.,

**MOTION FOR FEDERAL CAUSE FOR**

**ACTION IN CRIMINAL COMPLAINT**

CAUSE NO. _____.

V.

Debra Jennings, Et, Al

Defendants.

---

## MOTION FOR FEDERAL CAUSE FOR ACTION CRIMINAL
## COMPLAINT

---

**TO: HONORABLE JUSTICE SAID COURT:**

This is a Federal Cause for Action authority by **42 U. S. C. Section 1983**, to redress the deprivation **under**

**"Color of State Law,"** of the rights secured by Constitution of Laws, of the United States." The Court has

Jurisdiction under **28 U. S. C. Section 1331 and 1343 (a) (3).** Earle Cabell Federal Building and Courthouse

for the Northern District of Texas Local in the Government District of Downtown Dallas, Texas, United

States. 1100 Commerce St. Dallas, Texas 75242. Against the Texas Civil Commitment Center, that is being

ran by Management & Training Corporation, 500 N. Market Place Dr. Centerville, UT 84014; because it is

where the events giving rise, to Constructive [Legal] Fraud comprises all acts, and concealments involving

breach of equitable or legal duty, trust or confidence and resulting in [d]amage to another, **38 Cal. Rptr.**

1

148, 157; i.e., no scienter is required. Thus, the party who makes the misrepresentation need not know that it is false. **See 437 S. W. 2d 20, 28.** where the claimant occurred. Deprive by "[**C**]riminal Activities" and "[**C**]ause of Action," and Claim violation of **Crimes** "[O]bstruction Mailbox Frauds, of homemade policy" against Ms. Debra Jennings, acts within her [n]orms Official Capacities, deprive by hindering Due Process, of work environment conduct due to hostile hate crimes; or by hindering Due Process of Constitutional Rights, of Laws of the United States, by **"[O]bstruction of Justice," "[M]ail Fraud and Obstruction of Property,"** abusive "[a]cts of tactic stalking conducts by **destroying mail"** at the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339. **UNDER VIOLATION OF ATTACKING COURT MAIL UNDER COLOR OF LAW, CONTRACT OBSTRUCTION BREACH OF THE ORDERING ADMINISTRATION OF MANAGEMENT & TRAINING CORPORATION 1305 SOUTH MAIN ST. SUITE #101 HENDERSON, TEXAS 75654.**

Allegation Claim against Ms. Debra Jennings, acts of objective **"Obstruction of Justice,"** of harms of every aspect of life due to [d]efamation relief damages, [c]ompensatory relief damages, [p]unitive relief damages for stress under **§ 1349.** Attempt and Conspiracy any person who attempts or conspires to commit any offense under this chapter **[18 USCS §§ 1341 et. seq.]** shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy. HISTORY:

**Added July 30, 2002, P. L. 107-204, Title IX, § 902 (a), 116 Stat. 805.**

(1). Sawyer contends that his convictions impermissible involve the Federal government in setting standard of good government for local and state official. He argues that this case is exemplary of the dangers of standardless federal criminal, enforcement and unbridled prosecutorial discretion longer cognized under the mail fraud statute." We have already considered and rejected these arguments, however. See **United States v. Silvano, 812 F. 2d. 724, 758-59 (1st Cir. 1987).** Congress may protect the

integrity of the interstate mails and wires by forbidding their use in furtherance of schemes to defraud a state and its citizens, whether **or {85 F. 3d 723} not it can forbid the scheme itself. See Id. at 758 (citing {1996 U. S. App. LEXIS 13} Badders v. United States, 240 U. S. 391, 393, 60 L. Ed. 706, 36 S. Ct. 367 (1916)); United States v. Rendini, 738 F. 2d 530, 533 (1st Cir. 1984). 5**

(2). Traditionally, the mail fraud statute reached schemes, that deprive the fraud victim of property **or** some other item of economic value. **See generally, United States v. Grandmaison, 77 F. 3d 555, 565-66 (1st Cir 1996).** Some courts later expanded the scope of the statues, to encompass schemes intended to defraud citizens of their intangible, non-property right to the honest services of their public officials. See generally, **W. Robert Gray, Comment, The Intangible-Rights Doctrine and Political-Corruption Prosecution Under the Federal Mail Fraud {1996 U. S. App. LEXIS 16} Statute, 47 U. Chi. L. Rev. 562, 563 (1980)** and case cited therein. "[T]hose courts rationalized that a public official," **acts as trustee for the citizens and the State...** and thus owes the **normal fiduciary duties of trustee, e.g.,** honesty and loyalty' to them" **Silvano, 812 F. 2d at 759** (quoting **United States V. Mandel, 591 F. 2d 1347, 1363 (4th Cir.), aff'd in relevant part en banc, 602 F. 2d 653, 653(4th Cir. 1979), cert. denied, 445 U. S. 961, 100 S. Ct. 1647, 64 L. Ed 2d 236 (1980)).**

(3). We have recognized that **§ 1346, was intended to overturn McNally {85 F. 3d 724}** and reinstate the reasoning of pre-McNally, case Law holding that the mail fraud statute reached schemes to defraud individuals of the intangible right to honest service of government official. **See Grandmaison, 77 F. 3d at 565-66. 7**

The Eighth Amendment, which forbids Cruel and Unusual Punishment, governs the treatment of conviction person; and or the ones that was convicted and still being punish. To win an Eighth Amendment, Plaintiff, Delbert G. Rogers, has subjective to establish both an objective and subjective component, the state of mind of these official, who are responsibility for them and the harmed them by

knowingly under color of law, of the civil rights. **42 U. S. C. § 1983**, violation of Due Process of Human

Rights, the court has Jurisdiction under **28 U. S. C. Section 1331 and 1343 (a) (3);** Deprivation of

Constitutional Rights, as a citizen of the United States, of the Life, Liberty and Property to corruption and

re-punish of objective punitive violation, **Decius v. Dunlap, 330 F. 3d. 919, 929 (7ᵗʰ Cir. 2003). § 249. Hate**

**Crime Acts Title 18 Crime and Criminal Procedure Part 1. Crime Chapter 13. Civil Rights § 249 Hate Crime**

**Act. (3)** offenses occurring in the special maritime or territorial jurisdiction of the United States. Whoever,

within the special maritime or territorial jurisdiction of the United States, engages in conduct described

in paragraph **(1)** or in paragraph **(2) (a)** (without regard to whether that conduct occurred in a

circumstance described in paragraph **(2) (b)** shall be subject to be same penalties as prescribed in those

paragraph.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION

## PLAINTIFF, NOTICE OF FACTS FOR ACTION CLAIM

(4). Plaintiff, Delbert Rogers, and [M]r. Victor Jackson, allegation states claim of a Federal "**cause for**

**action,**" [d]emand against All Co. defendants: of the ordering by administrative to commit and conspiracy

to frauds in covering up a rape Ms. Jennifer Brown; Mr. Wayne Smoker; Mr. James Winckler; Ms. Andria

Johnson acts plotting a cover up of harms to another human being due to **"[P]unitive"** and "Extortion

**[C]riminal Activities,"** each one played a role to Mr. Brent Ruebensam, acts of conducts within his [n]orms

Individual Capacities, deprive as a **"[M]edical Department "[M]ental Health Therapist,"** committing sex

acts within his conduct  Individual Capacities, and violation of contracts, intentionally, punitive at will to

abusive Sexual Assault against client defamation act, the way it was done seems like he has done it before.

**§ 120,02[1]** During the punishment phase of a [C]riminal trial, acts if the court determines that a

4

defendant's intentionally selected the victim of a crime on the basis of the defendant's bias or prejudice against a person or group. the court must make an affirmative finding of that and enter such the affirmative finding in the judgment **[CCP. Art. 42.014**; see **Pen. C. § 12.47;** Mr. Vaulasa Phaosoung, acts under [T.C.C.O.]; and [M.T.C.] roles due to Ms. Debra Jennings, acts and their [n]orms of Individual Capacities, by deprivation of plaintiff was intentionally under their command within the intent of **"[S]talking my Mail with Criminal Hate and acts of Hostile  Crimes," "Obstruction of Justice,"** [P]olicy considerations which support prohibition against **EX-Post Facto:** application of **Criminal Statute** are also applicable to judicial decisions which affect interpretation of criminal statute; in both case, it is clearly undesirable to punish individuals for acts which, at time they were performed, were not within reach of criminal statute. **United States v. Wasserman, 504 F. 2d 1012 (5th Cir. 1974);** federal mailbox fraud on date: **10-27-2023**, and the deprive plaintiff, **Rogers,** to send any federal mail out to his family or within court doctrine, by deprive plaintiff, Rogers, trying to force him to open up his mail that was intended to be mailed out subjectively the morning after it was already placed into the federal mailbox date: **10-27-2023**; she called the plaintiff, out trying to force him to open up his mail objective by punitive tactic she became **abusive** and **hostile** out of the blue exemplary as a state officer. Under **Color of Law,** "mere semblance of legal right." **202 N. W. 144, 148.** An action done under color of state law, is ne done with the apparent authority of Law but actually in contravention of law. A Federal cause for action, may be maintained against a state officer [w]ho under color of law, deprive a person of his rights. **42 U. S. C. § 1983**. Conflict of Law, [choice of Law] that body of Law, by which the court in which the **action** is maintained determines choose which law to apply where a diversity exists between the applicable law of that court's state **[the forum state]** and the applicable law of another jurisdiction interested in the controversy; or violation Due Process Clause of the Fourteenth Amendment, act. Federal Law claim in a clear and a concise manner, seeks sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face..." **Ashcroft v. Iqbal, 556 U. S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009);**

Hill v. Lappin, 630 F. 3d 468, 470 (6th Cir. 2010). See also Fed. R. Civi. P. 8. In addition, a plaintiff's obligation to provide the grounds' of his entitle[ment] to [r]elief requires more than labels and conclusions, and a formulaic recitation of cause for action's element will not do." **Twomby, 550 U. S. at 555. The Class challenged the Statute,** as violating their rights under the **Equal Protection, Due Process, Ex Post Facto, Bill of Attainder, Double Jeopardy, takings, and Excessive Fines Clause of the United States Constitution**. In a claim entitled **"Impairment of other Federal Rights,"** the Class also alleged that mandatory deductions under the **Statute impaired their rights to {2000 U. S. App. LEXIS 4}** receive certain **FEDERAL BENEFITS AND FUNDS. The CLASS SOUGHT TO HAVE THE** statute **DECLARED UNCONSTITUTIONAL AND PRAYED FOR THE DISGORGEMENT AND RETURN OF ANY FUNDS WITH INTEREST THAT HAD BEEN WRONGLY DEDUCTED FROM THE ACCOUNTS.** Like the **$60,** Dollars, that the Plaintiff, Rogers, had to pay for his own package to be sent back to [W]alkenhorset, to put his property, back into stock and mail without plaintiff, knowing it on date**: 4-10-2021**. Breaking the Legs and marked the facing on his **RCA T. V.** on purpose and destroying of **$74,** Dollars, of [f]ood and taken of U. S. B. cable charges without property papers under Ms. Debra Jennings, orders due to acts; and Head Chief James Winckler; and Mr. Wayne Smoker, acts of orders continue to [lie] to the plaintiff, Rogers, face stating told me to [f]uck myself, that they weren't going to pay for any damages, and never did to this date.

(5). Plaintiff, seeks his claim against Ms. Debra Jennings, acts within her [n]orms Official Capacities, acts of participated **[C]riminal** attacking of **Hostile Intent Crimes**, and **Bias,** started of mail frauds back objective dated: **4-9-2021**, when she taken his property and destroyed most of it two, years ago. Now later on into year of **October 27, 2023,** subjective of deprive acts of conducting tamping with [F]ederal **Government Mailbox, fraud as** a **"[H]ate Crime"** well within **her** means **hostile acts** of [n]orms **stalking and verbal [a]ttamping within and refusing to mail out** the Plaintiff, Rogers, mail due process rights, as a resident clients and citizen of the United States, has a continue bias of intent "[d]enial of harms" for him not to mail out [a]ny, OUT GOING OF HIS FEDERAL MAIL, for over a [w]eek intentionally. Violation [P]olicy

6

access to courts or Family by denial of outgoing mail "[d]ue process" Texas Civil Commitment Office, guidelines for providing clients [c]oncerned with fundamental, "[c]onstitutional right, to access the court system Number: **3.21** Effective: **8-20-2016**, being stalked by staff of his Federal Mail that was [p]laced into Federal [M]ailbox. That is [i]nadequate to any materials as [r]etaliation based on our legally, activity [o]bjective to corruption under subjective [p]olicy, applicable state law, and that was his personal property at the [T]exas Civil Commitment Center, was placed into what is claimed to be federal [m]ailbox plaintiff, was force and deprive once before date: [**10-27-2023**]; and was denied his legal mail and his property for legally notice back to court. [S]OLITARY CONFINEMENT, Lock-up back and **date: 4-9-2021,** plaintiff, Rogers, was denied treated as an inmate **"[w]ithout** due process of law, within the Dallas County Texas, court without or incoming from outside courts doctrine" **was denied extreme and outrageous hostile conduct taken with reckless disregard harms of cause against Mr. Rogers, [**e]motional distress, hindering due process under duress, over "**SIX AND A HALF MONTHS."** By placing him as a **"prisoner"** punitive Locked up as a [c]lient resident citizen not a **"prisoner"** without any court orderly she and others administration had continued to be abusive by denial refused within the acts of misconducting as official of agency under Color of State Law, by **Fraud Denial Hindering of Due Process, acts** [w]ithin her [n]orms Official Capacities, deprive negligence and [p]unitive tactic, by placing [h]erself above Color of law. This has been going on every sense the date**: 4-9- 2021,** years. She became more [b]ias with the intent attacking the Plaintiff, [l]egal mail, of personal involvement to the Head Security Administration, of **[M.T.C.]; Chief** Mr. James Winckler; and Ms. Debra Jennings, actions were looking at other resident mail as well look at the camera before the date of on date: **9-4-2023, at 11:20 am** with four other official that was inside the mailroom doing their dirt cutting **opening mail** this was at the time that they was letting out group. where acts objective to violation of [p]olicy conducts again back and **September 4, 2023,** and dates: **3-2-23,** she refused copies stated on communication form**, CM 23-03-75 and 3-3-2023, CM 23-03-126; 6-12-20 23, CM-06-363; 9-18-2023, CM 23-09-469; I written to [T. C. C. O.] my case manager as my**

witness **Mr. Vaulasa Phaosoung, action** to assist of making a call on dates**: 9-14-2023**; "[S]heriff Office" Mr. Chris Weston, action seen on date**: 9-18-23**, from "[L]ittlefield, **Police Department,"** of Littlefield, Texas 79339. That they wouldn't give the **Plaintiff**, any copies of the **"[P]olice report"** so she decided to [r]etaliation against me again. **Under** Ms. Jennifer Brown, acts as Regional II, Head Warden**, acts of corruption** within [h]er duties lacking of department within her [n]orms Individual Capacities, of [T]exas Civil Commitment Center, [d]on't have any **Texas Occupation Code: [**D]octrine of any [M]edical license or Doctrine, Mental Health, to run this **[F]**acility **as a mental Health Facility** are [f]rauds of participated as **Texas Civil Commitment Center,** supervisory **or;** Wayne Smoker; Andria Johnson; James Winckler, action that allowed her to keep doing her corruption within her [n]orm abusive assaults as a state Officials Capacities, deprive acts of "[E]X-POST FACTO," after the fact punitive [f]rauds and corruption to committed Ms. Jennifer Brown, Regional Warden, acts "[C]riminal Crimes of Conduction," [F]ederal violation [F]rauds by attacking and violated regulation and Law, **202 N. W. 144, 148.** Conflict of choose of Law, due to retaliation helped held [c]rimes over false policy making statement due to conducts date**: 10-27-2023**, against the Plaintiff, Rogers, due to a **"mail denial form"** by Ms. Debra Jennings, acts became **"[V]ery hostile"** with **"Verbal assaults"** of **"[M]ental Anguish"** due to monitoring **"[c]riminal activities"** against the plaintiff, she taken plaintiff, mail from the mailbox the next morning that was to go out, was refused by force threats even letting other, client residents handle clients mail that isn't supposed to put their hands on of given notice**: (1)** violation State and Federal Rules by deprive "**Health and safety,"** subjective evidence and may be considered for all purpose **((Delgado v. State, 235 S. W. Ed. 244, 251 (Tex. Crim. App. 2007); Grubbs v. State, 440 S. W. 3d 130, 137 (Tex. App. -Houston [14th Dist.] 2013, pet Ref'd.)). "The Executive and Public-Health**" orders are Unconstitutional Vague; and **(2)** The Public violate "**Due Process Rights,"** and **Texas Administrative-Procedure Act**, against a citizen not treated as a client resident of the United States. Plaintiff, Delbert G. Rogers, is confined pursuant to an order of Civil Commitment; **therefore**, he is not considered a **"prisoner"** within the means of **28 U. S. C. § 1915 (H), and**

is not subject to the screening procedures of 28 U. S. C. § 1915 A. See Bohannan v. Doe, 527 F. App'x 283, 289-90 (5th Cir. 2013) (per curium) (concluding that a civilly Committed **[SVP]** was not a **"prisoner"** within the meaning of **Prison Litigation Reform Act**); Michau v. Christion Cnty., 434 F. 3d. 725, 727 (4th Cir. 2006) same); Allen v. Sieler, No. 4:12-CV-Y, 2013 W. L 357514, at *1 (N. D. Tex.) aff'd 535 F. App'x 423 (5th Cir. 2013) (per curium) (citing Jackson v. Johnson, 475 F. 3d 261, 266 (5th Cir. 2007)) same).

(6). Plaintiff, allegation states a **Federal "cause for action"** claimant demand seeks against [M]s. Debra Jennings, acts deprive defamation within her [n]orm Official Capacities, deprive violation of Federal Mail Fraud, and **"[P]olicy Contracts,"** violation and [O]perations under Federal Law, claim in a clear and a concise manner, seeks sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face..." **Ashcroft v. Lqbal, 556 U. S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hill v. Lappin, 630 F. 3d 468, 470 (6th Cir. 2010).** See also Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more the labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, **550 U. S. at 555. (1)** Violation infliction of server bodily pain, esp. As a punishment or a means of persuasion **(2)** Severe physical or [m]ental suffering subject to torture **(3)** Mental Anguish, denial of due process, and stress under duress due to "[h]ostile verbal assaults" of punitive demands. **EX-POST FACTO Lat.:** after the fact; "every law that makes an action done before the passing of the law and which was innocent when done to become criminal and punishable as such [a crime]; every law that aggravates a **crime** or makes it greater than it was committed; every law that changes and inflicts a greater punishment; and every law that alter the legal rules of **evidence**, and receives less, or different, testimony than the law required at the time of the commission of the offense, in order to convict the offender." **171 S. W. 2d 880.** Such a law violates **Art. I, Secs. 9 (Cl. 3) & 10,** of the Constitution of the United States, which provide that neither Congress nor any state shall pass an Ex-Post Facto Law; these provisions have been held applicable only to criminal statute. **3 U. S. (3 Dall.) 386, 390. Compare bill of attainder.**

(7). Seeking claim's under **"[F]ederal cause for action,"** [d]emand seeks **under Monell v. New York Social Services 98 S. Ct. 2018 (1978).** When a respondent supervisor has put in "[p]lace a practice or policy with a deliberate objective to violate plaintiff, Delbert G. Rogers, Due process rights Eighth Amendment Right, against Cruel and Unusual Punishment, -which cause him a wonton infliction of pain because of their deliberate indifference. They can be held [l]iable, for the action to acts that's been committed against him. Qualified immunity, is unavailable if the "[c]onstitutional right," allegedly infringed was [c]learly established at the time of the conduct that Ms. Debra Jennings, within was warned of her action and she knew that the conduct violated the constitutional [n]orm. **[P]rocunier v. Navarette, 434 U. S. 555, 561-562, 98 S. Ct. 855, 55 L. Ed. 2d 24 (1978); see Brown v. Byer, 870 F. 2d 975, 981 (5ᵗʰ Cir. [Tex.] 1989)-** qualified immunity not available if the injury concludes no reasonable official could have believed conduct lawful].

(8). It has also been stated that a claim may not be based on the acts of subordinates, but requires personal involvement by the official **[see Thompson v. Steele, 709 F. 2d 381, 382-383 (5ᵗʰ Cir. [Tex.] 1983), cert. denied, 464 U. S. 897 (1983)].** However, a supervisor can become liable for a failing if the supervisor fails to correct the violation after acquiring actual or constructive knowledge of it **[see O'Quinn v. Manuel, 773 F. 2d 605, 609 (5ᵗʰ Cir. [La] 1985)]** or if there is a causal connection between a breach of the supervisory official's duty and the prisoner's injury **[Barkadale v. King, 699 F. 2d 744, 747-748 (5ᵗʰ Cir. [La] 1983)].** What Law states that I have to be placed in a prison facility treatment program consideration treatment that I can still get and the free world as a citizen with better conditions. Delbert Rogers, live petition allegation That I 'am not receive the treatment that I was court order to receive.

(9). Allegation statement of a "[F]ederal Cause for Action" seeking against Ms. Debra Jennings, acts has violated of **stalking** the **Federal Mailbox,** within her [n]orms of intent Individual Capacities, [s]eparated that seeks from the other Defendants, deprive acts Settlement sum "[p]unitive  relief damages, and compensation  relief damages," of **[M.T.C.];** Administrative within their  **[N]ORMS AS WELL** who has

allowed Ms. Debra Jennings, action to continue the abusive of her hostile authority against the plaintiff, Rogers, Negligence harms, of Mental Anguish, Verbal assault lying about doctrine due to policy by force violated due to **Freedom of Speech** and **Obstruct to Constitutional Rights**, and Federal Law violation due process of my **"Federal Mail" and** hindering with the intent to intentionally interference falsification of due process from the **Federal Mailbox** on the date: **10-27-2023**, at **8:15 am**. Denied and denial of harms by threaten to the Plaintiff, Rogers, due process, rights **"FREEDOM OF SPEECH"** to his family or the courts by [f]orce threaten punitive demand of the right to express one's thoughts without governmental restrictions on the contents thereof, as guaranteed by the First Amendment. **333 U. S. 507, 509.** Due to the Mental Anguish and stress out contain by punitive emotional distress.

## SECOND

## CAUSE FOR ACTION CRIMINAL NEGLIGENCE

(10). **Plaintiff, incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein above:**

Against the above against each Defendants Individual Capacities: Jennifer Brown; Debra Jennings; James Winckler; Wayne Smoker; Andria Johnson; Mr. Brent Ruebensam, and [TCCO.] Mr. Vaulasa Phaosoung, acts of plots as a [T.C.C.O.] Case Manager in his Individual Capacities, deprive failure to act after [n]otice criminal violation of Constitutional Rights, against Plaintiff's, by force into "[E]motionally distress, under Duress Harms, of every aspect of holding his mail against Plaintiff's Rogers, [w]ill for a week of Life, Property, Liberty, and personally within the intent negligence within [D]efamation relief damages, Punitive relief damages, Compensatory relief damages, **Mental Anguish** of **Stress**. Finally, while [p]olice power naturally **{335 S. W. 3d 163}** operates to abridge private rights our [C]onstitution, being inclined to freedom, requires that such encroachments be as slight as possible: Private rights are never to be sacrificed to a greater extent than necessary. **See Smith v Davis, 426 S. W. 2d 827, 831 (Tex. 1968)**. Rather

11

we analyze to ensure that the classification is not made to evade the prohibition of the constitution as to special laws by making a law applicable to a pretended class, which is in fact no class…" **Clark, 54 S. W. at 345**. We presume the statue is valid, and "a mere difference of opinion" between the Court and the Legislature will not be sufficient to overcome the presumption of validity. **Smith, 426 S. W. 2d at 831.**,

(11). The **Amendment I FREEDOM OF SPEECH,** Congress shall make no Law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. The Due Process Clause of the Fourteenth Amendment provides: "[Nor] shall any State deprive any person of life, liberty, or property, ***without due process of law.***" Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property. E.g. *Hudson v. Palmer, 468 U.S. 517 (1984)* **(intentional destruction of inmate's property)**. No decision of this Court before Parratt supported the view that negligent conduct by a state official, even though -causing injury, constitutes a deprivation under the Due Process Clause. This history reflects the traditional and commonsense notion that the Due Process Clause, like its forebear in the Magna Carta, see *Corwin*, The Doctrine of Due Process of Law Before the **Civil War,** *24 Harv. L. Rev. 366,* **368 (1911),** was "intended to secure the individual from the arbitrary exercise of the powers of government," See also *Wolff v. McDonnell, 418 U.S. 539, 558 (1974)* **("The touchstone of due process is protection of the individual against arbitrary action of government,** *Dent v. West Virginia, 129 U.S. 114, 123 (1889)*"**); Parratt, supra, at 549 (POWELL, J., concurring in result).** By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life, liberty, or property," the Due Process Clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of the procedures used to implement them, e.g., *Rochin, supra*, it serves to prevent governmental power from being "used for purposes of oppression," **Murray's Lessee v. Hoboken Land & Improvement Co., 18 How. 272, 277 (1856) (discussing Due Process Clause of Fifth Amendment).**

(11). Claim of **"[C]riminal Activities,"** is a **[F]ederal cause for Action**, [d]emand, seeks stalking against a civilian citizen on date: **9-12-2023**, § 1349. **[A]ttempt and Conspiracy.** Any person who attempts or "[c]onspires to [c]ommit any offense," under this chapter **[18 USCS §§ 1341 et seq.]** shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy. **History: Added July 30, 2002, P. L. 107-204, Title IX, § 902(a), 116 Stat. 805.**

**"[F]raud in Law fraud**," that is presumed from circumstances where the one who commits it need not have any evil intent to commit a fraud; it is a **CONSTRUCTIVE FRAUD.** See **225 N. E. 2d 813, 814 and 109 N. W. 136, 138.**

(12). **[S]awyer**, contends that his convictions impermissibly involve the federal government, in setting standards of good government for local and state officials. He argues that this case is exemplary of the "dangers of standardless federal criminal enforcement and unbridled prosecutorial discretion long-recognized under the **mail fraud statute**." We have already considered and rejected these arguments, however. See **United States v. Silvano, 812 F.2d 754, 758-59 (1st Cir. 1987).** Congress may protect the integrity of the **interstate mails** and **wires** by forbidding their use in furtherance of schemes, to defraud a state and its citizens, whether or **{85 F.3d 723}** not it can forbid the scheme itself. **See id. at 758 (citing {1996 U.S. App. LEXIS 13} Badders v. United States, 240 U.S. 391, 393, 60 L. Ed. 706, 36 S. Ct. 367 (1916)); United States v. Rendini, 738 F.2d 530, 533 (1st Cir. 1984). 5**

(13). [T]raditionally, **the mail fraud statute reached schemes, that deprived the fraud victim of property** or some other item of economic value. See generally, **United States v. Grandmaison, 77 F. 3d 555, 565-66 (1st Cir. 1996).** Some courts later expanded the scope of the statutes to encompass schemes intended to defraud citizens of their intangible, non-property right to the honest services of their public officials**. See generally, W. Robert Gray, Comment, The Intangible-Rights Doctrine and Political-Corruption**

13

Prosecutions **Under the Federal Mail Fraud {1996 U.S. App. LEXIS 16} Statute, 47 U. Chi. L. Rev. 562, 563 (1980) and cases cited therein.** Those courts rationalized that a public official "acts as 'trustee for the citizens and the State . . . and thus owes the normal fiduciary duties of a trustee, e.g., honesty and loyalty' to them." **Silvano, 812 F. 2d at 759 (quoting United States v. Mandel, 591 F. 2d 1347, 1363 (4th Cir.), aff'd in relevant part en banc, 602 F. 2d 653, 653 (4th Cir. 1979), cert. denied, 445 U.S. 961, 100 S. Ct. 1647, 64 L. Ed. 2d 236 (1980)).**

(14). **We have recognized that § 1346 was intended to overturn McNally {85 F. 3d 724}** and reinstate the reasoning of pre-McNally case law holding that the mail fraud statute reached schemes to defraud individuals of the intangible right to honest services of government officials. See **Grandmaison, 77 F. 3d at 565-66.**

**Defendant's**

**Third Cause for Action**

**Intentionally Infliction of Emotional Distress**

(15). Plaintiff, Rogers, wants to seek against Ms. Debra Jennings, acts within her [n]orm Individual Capacities, deprive duties within the intent of intentionally working against plaintiff, Rogers, with [T. C. C. O.] case worker Mr. Vaulasa  Phaosoung, action within his [n]orm Individual Capacities, deprive by helding up plaintiff, Rogers, mail up for a week within his office by "**personal involvement."  [**W]ithin personal involvement hindering due process by **"punitive influence"** within his [n]orm Individual Capacities, violation of Constitutional Rights, deprive duties of Fourteenth Amendment, by lying to the plaintiff, Rogers, that he was going back to Ms. Debra Jennings, office to get her mail plaintiff, mail out before she takes the mail off the united objective individual on date**: 10-27-2023**. Plaintiff's seeks [D]efamation relief damages, within "[**S]tress and Mental Anguish," deprive** violation Due Process Rights of his Constitutional Rights, of Laws of the United States. Fourteenth Amendment, deprive acts **"separated"** by placing herself

14

above the law, **Rowe v. Shake, 196, F. 3d at 783** (outside correspondent had standing to assert plaintiff, Rogers, First Amendment Rights, in complaining about delay in delivery of his letter to court, **to** other defendant's acts Individual Capacities: Jennifer Brown; Wayne Smoker; Andria Johnson; James Winckler; actions of grudges detailed descriptions of responsibilities of **"[C]riminal Activities Frauds,** so Ms. Debra Jennings, acts she can pay for her [o]wn Lawyer, not [M.T.C.] due to her lacking of conduct [a]ction within their [n]orms of Individual Capacities, alleg[ing] allowing by the administrative, "[**p]rison official's acts"** that I was sent from one prison to another one 'knowingly punitive deprived **[decedent]** of a **"[C]onstitutional Right"** or [p]rotection through acts or [n]egligence that are **"[i]nherently coercive and threatening." Falsification Behavior Abnormality Doesn't Exsist**----In the psychology or psychiatrist community **[D.S.M. IV] or V. It's** only a legal term created by the state Legislature. See **Commitment of Winkle 362 S. W. 3d (Tex. App 2010).** According to Dr. John Tennis on forensic psychiatrist page **249**. Also **Petriciolet v. State 442 S. W. 3rd 63** ---what constitutes as junk science! **(Tex. App. 2014)** See. Also **Bohannan 379 S. W. 3rd 293 (Tex. App. 2010).**

(16). [H]indering Due Process of Law, under the Constitution of the United States, by violation Fourteenth Amendment, Constitutional Rights, deprive acts following ordering by these "[e]xtent of harms proof beyond a reasonable doubt," by **these defendants above: Jennifer Brown; Andria Johnson; Wayne Smoker; James Winckler,** against **Co.** defendant's **namely above:** has committed "**Federal Crimes" and "Criminal Activities"** deprive acts of within their [n]orms, Individual Capacities, due to other Criminal activities that's already into court of **"[A]ggravated Assaults,"** against: [M.T.C] force of agency gas, against client's force into a cells without air abusive case Cause Number. **5:23-CV-00058-H** into court now. **Chapter 37. Perjury and other Falsification/Sec. 37.13 Records of a Fraudulent Court/ Sec. 39.015, Concurrent Jurisdiction to Prosecute Offenses under this Chapter. /Sec. 39.02 Abusive of Officials Capacities/ Sec. 37.02 Perjury. /Sec 36.04 Improper Influence. /Sec. 37.03 Aggravated Perjury under force acts of Legislature**, continue violation of Policy, and abusive falsification hearsay doctrine, that Ms.

15

Debra Jennings, action couldn't even show, due to [c]ontructs under [M.T.C]; and [T. C. C. O.] Policy within her [n]orms **Official Capacities**, conduct done under **"obstruction of Justice"** monitoring and refused by stalking client resident mailing as frauds attempts of violations undone due process claims by hindering and financial organization and operations within falsification as a [f]ront by opening clients mail. That aren't prisoners the Tule of Law, is the principle that everyone is society, "[i]ncluding top officials," are equally subject to the law. 'The Law makers of our constitution undertook to secure condition favorable to the pursuit of happiness…" They sought to protect Americans in their beliefs, their thoughts, their emotions, and their sensations. They conferred, as against the government, the right to be let alone--- the most comprehensive of the rights and the most valued by civilized men. **"STALKING, BY DENIAL OF HARMS FOR HIM IF HE'S TO SENDING HIS RESIDENT MAIL OUT, TO COURTS SHE HAS DENIED THE PLAINTIFF, ROGERS, A WEEK OF PUNITIVE AND HOSTILE DEMANDS, BY PLACING HER SELF ABOVE THE LAW AGAINST PLAINTIFF, AS A CLIENTS THAT WAS BEING FORCED THREATEN,"** that aren't a **"prisoner"** but still being denial assistance to court or family. **See generally Perkins & Boyce Criminal Law, 442-452 (3d. Ed. 1982 Compare Bribery).** She contends that it was part of [M. T. C.]; policy even after she had read the policy to Plaintiff, Rogers, she couldn't still after being asked her to show him on the document where does it state by [p]olicy that a client couldn't place him mail an any **"outgoing envelopes,"** mail on any given day and of envelope of choice? She couldn't show the Plaintiff, Rogers, by her action due to hate "[c]rimes violation policy"; or date could have forced the Plaintiff, Rogers, to wait over a week before he could send any letter to his family or court on date: **11-6-2023, at 2: 35 PM**. **Reese v. Cnty. of Sacramento, 888 F. 3d 1030, 1040 (9th Cir. 2018).** The Bane Act provides a **"cause of action"** for violations of a plaintiff's state or federal civil rights where such violations are committed by "threats, intimidation, or coercion." **Id. (quoting Cal. Civ. Code § 52.1).**

(17). Ms. Debra Jennings, has been continues "[s]talking" my **Legal mail** and **abusive of letters**, opening mail without any consent by cutting the [m]ail open,' before it gets to me due to [h]arassments of this

16

woman without having any United States Postal **"SERVICE LICENSE"** under [M. T. C.] orders of retaliations from the administration, corrupt tactic by violation of approved **MAY 09, 2019. Policy Title**: **Access to Court** Policy# **906 Access-12-18-1 Effective Date: May 1, 2019. Revision: N/A** Reference(s): **Contract: IV. C. 29(a)** Applicability: Management & Training Corporation (MTC) Texas Civil Commitment Center (TCCO). Purpose to **ESTABLISH GUIDELINES FOR PROVIDING SVP client's WITH THE FUNDAMENTAL CONSTITUTIONAL RIGHTS TO ACCESS THE COURT SYSTEM.**

B. **SVP Clients access to courts shall not be restricted through:**

1. Blocking the preparation and filing of [SVP] Clients legal correspondence to court;

2. Refusal or delay in mailing or delivering [SVP] Clients legal correspondence;

3. Taking away legal research materials;

4. Denying access to legal materials; or

5. Confiscation or destruction of legal materials.

6. extortion and money laundering; and

**(18). Civil Rights § 12.5-Liability for Violation-Local governing bodies action "Under color of state law.** Although the touchstone of an action against a government body under 42 U. S. C. § 1983, which imposes Civil Liability on any person who deprive another of his Federally Protected Rights,-is an allegation that official that official policy, is responsible for a deprivation of rights protected by the Constitution Laws of the United States, Local government, like every other **§ 1983, "person,"** may be sued for Constitutional deprivation visited objective pursuant to governmental **"custom"** even though such a custom has not received formal approval though the body's official decision making channels**.**

17

**(19). Claim** against Ms. Debra Jennings, act of [D]efamation emotion stress within her [n]orm Individual Capacities, **§ 1983,** claimant against the **defendant** view claimant establish: (1) an official policy or custom, of which violated policy **(2)** a policymaker can be charged with actual or constructive knowledge, and **(3)** a Constitutional **{2022 U. S. LEXIS 25}** violation whose moving **"Force"** is that policy or custom. 86 An official policy exists when: **(1)** the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy, **(2)** "where no rule has been announced as policy' but the federal law has been violated by an act of the policymaker itself,"; and **(3)** "even where the policymaker has failed to act affirmatively at all, so long as the need to take some action to control the agents of the government is 'so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymaker… can reasonably be said to have been deliberately indifferent to the need.

(20). Ms. Debra Jennings, acts deprive by placing herself above the law as abusive, and her [n]orms Individual Capacities, has been allowing her to work under condition of conduct [f]raud false [n]egligence, without any [L]icensing under [M.T.C.]; hostile abusive false [d]octrine of any none **"[L]egally Mail Postage Licensing"** or **Post Master Service Licensing";** within or [T]**EXAS OCCUPATION CODE,** violation under state and Federal Law "**Mailbox Rule,"**

## § 141.17. Complaints and Violations

(a) **Disciplinary action; notices**.

(1) The committee may refuse to issue or renew a license; may revoke or suspend a license or permit; may probate disciplinary action; or may issue a reprimand to a person who has:

(A) **violated any provision of Texas Occupations Code, Chapter 402, (Act);**

(B) **violated any rule adopted by the committee;**

**(C) engaged in false, misleading or deceptive practices in competitive bidding or advertising;**

(21). **The** original content of the phrase was a Procedural Due Process, protection, i. e., in guaranteeing procedural fairness where the government would deprive one of his property or liberty. This requires that [n]otice and the right to a fair hearing be accorded prior to a [d]eprivation. **237 U. S. 309.** Cruel, inhuman or degrading treatment or punishment.

(22). Claim against the United States, seeks a "[**F]ederal cause for Action,"** demand of Criminal Action Complaint, against the denial of **"[F]reedom of Speech" Claim. Acts against of Civilly Action, against "[G]overnment Agency,"** within the United States, for money damages, **violation [O]ccupation Code, Chapter 453,** for personal injury cause by the **"[n]egligence"** or **"[w]rongful acts" of punitive concerned sufficient objective, of any** "[e]mployment of the government while acting within the scope" of **[1980 U. S. Dist. Lexis 3] "his office or employment,"** under **"circumstances" where the United States, if a private person, would be" "[l]iable to the claimant in accordance within the [l]aw, of the place where the acts occurred of confliction evidence,"** under color of law, at the [T]exas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339.By the Administrative and staff, "[c]onducts" Seeks **under 42 U. S. C. § 1983,** deprive by punitive acts strikes with punitive, violation of [F]ederal and State Constitutional Rights, of the Law, of the United States." **[W]illiams v. Kaufman County, 352 F. 994, 105 (5th Cir. 2003)** ("Just as Nominal Damages, are allowed without proof of injury, "A punitive award may stand in the absence of actual damages, where there has been a Constitutional Violation.") accord, **Walker v. Bain, 257 F. 3d. 660, 674 (6th Cir. 22001); Robinson v. Cattaraugus County, 147 F. 3d 153, 161 (2d Cir. 1998).**

(23). Ms. Debra Jennings, action under "**Color of Law** "mere semblance of Legal Right." **202 N. W. 144, 148.** An action done under color of state law, is one done with the apparent authority of Law but actually in contravention of law. A Federal cause for action may be maintained determined against a state officer

who under color of state law, deprives a person of his civil rights, **42 U. S. C. § 1983**. Conflict of Law [Choice of Law] that body of Law, by which the court in which the "[a]ction" is maintained determines or choose which law to apply where a diversity exists between the applicable law of that court's state [the forum state] and the applicable law of another jurisdiction interested in the controversy.

(24). See, **Perkins & Boyce Criminal Law, 442-452 (3d. Ed. 1982 Compare Bribery).** "The correct standard to apply here is, as stated, derived from the [**F]ourteenth Amendment's**, [d]ue process guarantee. Under that standard, **"[p]retrial detainees need not show that an imposed restraint imposes atypical and significant hardship to state deprivation of liberty interest protected by procedural due process."** **Benjamin v. Fraser**, **264 F. 3d. 175, 188-89 (2d. Cir. 2001)** Rather, a pretrial detainee must show that he was not given notice. **See Hewitt v. Helms, {845 F. Supp. 2d 538} 459 U. S. 460, 476, 103 S. Ct, 864, 74 L. Ed. 2d 675 and n. 8 (1983); West v. Scheckel, 333 F. 3d. 745, 748 (7th Cir. 2003**). Plaintiff, seeks relief pursuant to **42 U. S. C. § 1983**, which confers a private [**F]ederal Right,** of action against any person who, was not given notice of doctrine before or after under **color of state Law,** deprive an [i]ndividual of any right, privilege or immunity secured by the [C]onstitution or [F]ederal Law. **Burnett v. Grattan, 468 U.S. 42, 45 n. 2, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984); Stack v. Killian, 96 F. 3d. 159, 161 (6th Cir. 1996). To State a § 1983**, Claim, Allegation that **Plaintiff**, Delbert Rogers, has filed his [F]ederal **cause for action** demand [s]eeks must allege acts of [**t]wo elements: (1)** a Deprivation of rights secured by the Constitution and Laws of the United States, and: **(2)** that the defendants named above deprived him of his Federal Rights under "Color of State Law." **Jones v. Duncan, 840 F. 2d 359, 360-61 (6th Cir. 1988); 42 U. S. C. § 1983.**

**(25). Actual treatment of the civilly confined is what separates commitment from punishment** and incarceration. Without adequate treatment designed to effectuate ultimate release, as a civil

commitment program is nothing more than a [d]e-facto prison disguised to as a "[M]ental Health Facility." The Constitution [c]learly dictates, that civil detainee, cannot simply be [w]arehoused and put out of sight; they are not prisoner and must be afforded adequate treatment due to [M.T.C.]; those words are a failures of conducts. Specifically, they are entitled by law to "more considerate treatment and conditions of confinement than criminal whose conditions of confinement are designed to punish." Youngberg, 457 U. S. at 322; see also Allen v. Illinois, 478 U. S. 364, 370 (1986) ("In short, the State has disavowed any interest in punishment, provided for the treatment of those it commits, and established a system under which committed person may be released after the briefest time in confinement.") The Texas Civil Commitment Center, operates contrary to those important principles. That they have violated ever Clause of the Fourteenth Amendment, of the Laws of the United States, due process of Constitutional Rights, and policy.

(26). Claim against seeking objective compensatory relief damages, punitive relief damages against all defendants and their Individual Capacities, deprive acts of conducts; The Eighth Amendment, deprivation which forbids Cruel and Unusual Punishment, governs the treatment of conviction prison that have violated the Ex-POST FACTO LAWS, FROM THE START. To win an Eighth Amendment, case plaintiff, must establish both an Objective and a Subjective component, the state of mind of the Individual Official who are responsibility for them above: A (claimant which relief may be granted) once evident has been admitted without a limiting instruction, it is part of the General evidence and may be considered for all purposes (Delgado v. State, 235 S. W. 3d. 244, 251 (Tex. Crim App. 2007); Grubbs v. State, 440 S. W. 3d 130, 137 (Tex. App. Houston {14th Dist.} 2013, pet. Ref'd.)] The Fourteenth Amendment, Foundations look at the opening phrase of the Fourteenth Amendment: The right of the people to be secure in their person, house, papers and effects..." The Fourteenth Amendment, is all about privacy---your right to privacy. It's an ancient concept, still evolving in many ways, but the basic premise is that governments should leave [people alone unless it can prove they're doing something wrong but they can unless they

21

make up a lie. Under **West v. Atkins, 487 U. S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).** By person acting under "[c]olor of state law, against government Agency within the United States, for money damages, for personal injury caused by, the negligence or wrongful acts concerned sufficient objective of any employment, under circumstances where the United States, if a private person, would be [l]iable to the claimant in "[a]ccordance within the Law," of the place where the acts occurred of confliction evidence, at the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339, federal mailbox.

(27). Because the claim a cause for action of the violates the Thirteenth Amendment---because the petitioner is in a state of continuous Involuntary servitude to the state where there is **no "[c]rime to be punished or dully convicted."**

(28). **In 2016,** the U. S. Department of Justice's Office of the Inspector General, published a review of the for-profit prison companies with which the Federal Bureau of Prisons, contacted, including [MTC]; finding that facilities run by for-profit companies had worse safety and security outcomes as this that can't keep any staff, Officials or Medical personal, than government-ran facilities in almost every aspect. Once before that a Deputy Attorney General Sally Q. Yates issued a letter ordering the Bureau of Prisons to begin the process of reducing, and ultimately ending, its use of for profit private, prisons, including facilities ran by [MTC]. She stated that **"[for-profit prisons]** simply do not provide the same level of correctional services, programs, or resources" as government-ran facilities and do not maintain the same level of safety and security."

(29). Between the [S]tate of Texas and **[MTC];** have violated both Plaintiff's Constitutional Rights.

(30). The statute allows detainees to bring a Civil or Federal Law suit for relief if they have been injured by a for-profit facility's action in violation of the detention standards.

(31). Plaintiff, incorporates by reference the "facts and allegations set forth in each of the preceding paragraphs," as though fully set forth herein.

(32). **Mc Guckin, 976 F. 2d. 1059; (1)** "[d]irectly a policy participated, in the [i]nfraction;" **(2)** failed to remedy the wrong after learning of the violation; **"(3)** created a policy or custom under which is unconstitutional practice, occurred," or allowed such a policy or custom to continue; **(4)** was grossly negligence in managing subordinates who cause the unlawful to continue knowingly of the condition or event; **Under west v. Atkins, 487 U. S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)**. Violation of a right secured by the Constitution and Laws, of the United States, "the allegation deprive was committed by a person's acting under color of state law, "mere semblance of legal right."

(33). Plaintiff, allegation claimant states a Federal cause for action demand seeking exemplary, punitive "[O]bjective Due Process as a State and Federal Rule from Federal Court of Obstruction of Justice," subjectively and Abusive of Authority of verbal assault under color of state law."

(34). **Civil Rights Law> Section 1983 Actions> Scope**

**Civil Rights> Section 1983 Actions> General Overview. To state a claimant under 42 U. S. C. S. § 1983,** a plaintiff must show two things: (1) that the defendants acted under color of state law, and (2) that the defendants deprived the plaintiff, Rogers, of a Federal Right, either statutory or constitutional. By these Defendants listed above within paragraphs statement of each complaint.

(35). Plaintiff, allegation claimant states a cause for action, seeking punitive relief damages, Compensatory relief damages, .Action of **Lacking of Constitutional Law> Bill of Rights> Fundamental Rights> Procedural Due Process> Scope of Protection>** The Due Process Clause forbids arbitrary deprivation of liberty, where a "[p]erson's good name," reputation, honor or integrity is at stake because of what the government is doing to Plaintiff, Delbert G. Rogers, falsification of doctrine due to false imprisonment compensation "remuneration for work done; indemnification for injury sustained," **245 P. 2d 352, 355;**

23

recompense, remuneration, equivalence; pay for injury done or service performed; "that which constitutes, or is regarded as, an equivalent or recompense; that which compensates for loss or privation; amends." **112 A. 2d 716, 719.**

(36). **CONSTRUCTION [LEGAL] FRAUD**, comprises all acts, and concealments involving breach of equitable or legal duty, trust or confidence and resulting in damage to another, **38 Cal. Rptr. 148, 157**; i.e., no scienter is required. Thus, the party who makes the misrepresentation need not know that it is false. See **437 S. W. 2d 20, 28.**

(37). **Agents or Agencies of state**

**Constitutional law, § 520** - due process clause - applicability to all state agencies.

1. A state may not, by any of its agencies, **<\*pg. 1000>** disregard the prohibitions of the 14th Amendment.

(38). **Acts of Private Entitle as State Action:**

Civil Rights such as are guaranteed by "[C]onstitution against State Aggression Agency, cannot be impaired by wrongful acts of Individual, unsupported by state laws, customs or judicial or executive proceedings. **United States v. Stanley, 109 U. S. 3, 3 S. Ct. 18, 27 L. Ed. 835 (1883)."**

(39). Claim of acts of deprived by hindering process under color of state law, a federal cause for action, may be maintained against a state officer who deprive under color of law, deprive a person of his Constitutional Rights 42 U. S. C. § 1983, Due process. In their norms of Official Capacities, within the intent due to personal involvement of objective negligence threats as an officer the State of Texas, hear knowingly to make one suffer sufficient harms at the Texas Civil Commitment Center, 2600 South Sunset, Ave., Littlefield, Texas 79339. Under the acts of an employee by letting an "[c]lient resident handle the incoming mail," why Ms. Debra Jennings, action she sits at her desk with her back turn away. You can look at the camera after months of intake of mail.

24

(40). Accord, **Walker v. Bain, 257 F 3d 660, 674 (6th Cir. 2001); Robinson v. Cattaraugus County, 147 F. 3d 153, 161 (2d Cir. 1998). See-McGuckin, 976 F. 2d. 1059**; "**(1)** directly participated in the infraction; **(2)** failed to remedy the wrong after learning of the violation; **(3)** created a policy or custom under which unconstitutional practice occurred, or allowed such a policy or custom to continue; **(4)** was was grossly negligence in managing subordinates who caused the unlawful condition or event; or **(5)** exhibit gross negligence or deliberate to serious under Constitutional Rights of the plaintiff, Rogers, by having actual or constructive notice of the Unconstitutional practice and failure to act." **Kreler, 821 F. Supp. 2d. at 655-56 (citing Colon v. Coughlin, 58 F. 3d 865, 873 (2d Cir. 1995); Wright, 21 F. 3d at 501).**

(41). When a **"[o]fficials formulate a policy**" in circumstances where there are no, particular constraints on the officials decision-making process, and the implementation of the policy will inflict pain upon the client resident on a routine basis, we need not look for a showing of action taken 'maliciously and sadistically' before Eighth Amendment, protestation is implicated.

(42). **Considering Slaves and Native Americans and modern time of the year 2023,** in retrospect, many believe a greater failing by Madison, and the other framers was putting off resolution of the issues of **slavery /AND TREATMENT OF NATIVE AMERICANS. Bill of Rights,** once approved by Congress and ratified by the states, the Bill of Rights, became part of the **Constitution in 1791**. The assurances in the Bill of Rights originally applied to the Federal Government only; those assurances were expanded to cover the states, too, beginning with the **Fourteenth Amendment, in 1868**.

(43). Human Rights: rights inherent to all human-being in an equal and nondiscriminatory basis. They include but are not limited to the right to life and liberty, freedom of expression, and equality before the Law; and economic, social and cultural rights, including the right to participate in culture, the right to be treated with respect and dignity, and the right to food, work, and education, among other things. All of these rights are without distinction as to race, color, sex, language, religion, political, or other opinion,

national or social origin, property, birth, or other status. "Recognition of the inherent dignity and of the equal and inalienable rights of all members of the human family is the foundation of Freedom, justice, and peace in the world." **United Nations Universal Declaration of Human Rights, (1948).**

(44). The Eighth Amendment, protects against conditions that pose an unreasonable risk of Future Harm, as well as those that are currently causing harm. **Heling, 509 U. S. at 33**. Plaintiff, may not simply allege that the "[T]otality of Condition" is unconstitutional, but instead must allege deprivation of one or more identifiable human needs. **Wilson v. Seiten, 501 U. S. 294, 304-05 (1991).**

(45). **Tortuous:** (1) full of twists and turns (2) devious; circuities.

(46). **Torture:** (1) infliction of severe bodily pain, esp. As a punishment or a means of persuasion (2) severs physical or mental suffering subject to torture.

(47). **How do you think we feel inhuman:** (1) (of a person, conduct, etc) brutal; unfeeling; barbarous. (2) not of a human type inhumanly (pl.-ties) inhumanly.

(48). **Depolarize:** -ized, izing to deprive of polarity or polarization, esp. In eliminating a magnetic charge.

(49). **dehumanize:** to deprive of human qualities; divest of individuality.

(50). **Conditions**: of brain washing me by forcing me to live into prison cells with a toilet by my bed next to the front door of the cell even with a cell roommate.

(51). **Dignity:** ties (1) bearing, conduct, or manner indicative of self-respect, formality, or gravity. (2) nobility or elevation of character; worthiness. (3) elevated rank, office, station, etc.

(52). **11. Acts** of private entities as **"[S]tate"** action: Civil Rights such as are guaranteed by Constitution against **state aggression,** cannot be impaired by wrongful acts of individuals, unsupported by state,

custom, or judicial or executive proceeding. **United States v. Stanley, 109 U. S. 3, 3 S. Ct. 18, 27 L. Ed. 835 (1883).**

(53). **EXHIBITS:** to this **"[d]octrine" as an [**e]xample **of my complaint** contain a resident client that was raped by an Administrative staff, of Management & Training Corporation, that **[M.T.C.]** administration that is named above within this doctrine; had refused to report the rape that was by staff, over five months. To Littlefield, Police Department or Federal Authority, of Mr. Brent Ruebensam, action by raping this client it didn't get done until this client kept asking for help from resident as assistance to court to contact you as the **[F. B. I.]** that resident client **Mr. Victor Jackson**, is still looking for some assistance **from the [F.B.I.] and that he is still at fear for his life,** stating that he doesn't know **or** when that **[M.T.C.];** may try into **MESSING OVER HIM,** as well as they have done to others by covering it up. I DELBERT GLENN ROGERS, **IS SENDING EXHIBIT'S OF HIS STATEMENTS TO THE HONORABLE JUSTICE OF THE COURT, ONLY THESE COPIES.** I 'AM ADMITTED TO THE COURT AS EVIDENCE TO THE HONORABLE JUDGE, MORE DOCTRINE OF HIS COMPLAINT TO USE INTO MY COURT OF RACKETEERING WITHIN THE INTENT TO CAUSE HARMS AGAINST CLIENTS RESIDENT AS PROOF. THE PLAINTIFF, **[Can't]** MAKE THESE COPIES BECAUSE THEY WILL TRY TO HARM ME AND WAYS HE **[C]an't** EXPLAIN DUE TO ANY REPORTING OF THEIR ABUSIVE ACTION SEXUAL ASSAULTS. And he told his case manager and she is being investigated for not given notice to TCCO. of the mental health staff, officer had done to him sexual after he reported it to her she covered it up.

(54). **Racketeering Influenced and Corrupt Organizations Act [RICO];** "racketeering originally, an organized conspiracy to commit extortion. Today, punishable offenses created by Congress to seek the eradication of organized crime by establishing new penal prohibitions and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime." **Pub. L. 91-452, § 1, 84 Stat. 922 (1970).** Ms. Andria Johnson; James Winckler; Wayne Smoker; and Ms. Jennifer Brown, as Warden acted within their Individual Capacities, under **Criminal Activities** intent under

27

color of state, intentionally notice not any one of these individuals have any "[D]octrine Medical License," and orderly to cover up the into making false statement even on Grievances due process, of denial intent dated: **12-27-2023**, of her action that as much **[M. T. C.]** and **[T.C.C.O.]; HAS BEEN PAYING** Littlefield, Police Department and F̶a̶i̶r̶ *IRE* Department, under the table. Due to the conditions of Texas Civil Commitment Center, outcomes due to life in safety, to be ignored on any counts of assaults by staff negligence's or the Administration, action violation as well being force into "[p]rison style over capacities'" as resident's clients and inmates that are continue to come from [T. D. C. J.]; knowingly that they can't keep staff members to run the facility, women want to have sex with women and gay men are doing the same. All by placing my [l]ife into more danger outcomes due to denial conspiracy punitive tactic and not **following:** court orders by the court packing this facility as an overkill as a prison not a "Mental Health claiming due to Safety.

## EXHAUSTION OF LEGAL REMEDIES

Plaintiff's Delbert Rogers, and Victor Jackson, has used as much of the grievances procedure available, that wasn't denied to us by force of abuse denial of grievance due process to punishment, tactic to keep us from filing of their behaviors of conducts.  See "[a]ttachments of exhibits."

(1). **MTC-Texas Civil Commitment Center,** Grievance form **dated: 9-15-2023,** Grievance number **GV- 23-09-27** step one and two; and

(2). GV **23-07-03-step one and two,**

(3). **Grievance number 23-11-01**.

(4). Grievance where they started to attacking me from Tiering up Grievance number: **G-0338-08-23**

(5). Mr. Victor Jackson, allegation claim a **Federal cause for action**, demand, statement and notice from and too Rickie R. Redman, Lamb County & District Attorney 1006th Drive, Room 210 Littlefield, Texas 79339. Within other statement of notice to Honorable said Judge:

## LEGAL CLAIM

**Both** Plaintiff's Delbert Rogers, and Victor Jackson, re-allege and incorporate by reference paragraph **1-54**

Constructive [Legal] fraud comprises all acts, and concealments involving breach of equitable or legal duty, trust or confidence and resulting in damage to another, **38 Cal. Rptr. 148, 157**; i.e., no scienter is required. Thus, the party who makes the misrepresentation need not know that it is false. See **437 S. W. 2d 20, 28.**

# CONCLUSIONS OF LAW

### Counts I and II---Failure to provide Adequate Treatment

(55). Actual treatment of the civilly confined is what separates commitment from punishment and incarceration> Without adequate treatment designed to effectuate ultimate release, a civil commitment program nothing more than a de facto prison disguised as a mental health facility. The Constitution clearly dictates that a civil detainee cannot simply be warehouse and put out of sight; they are not prisoners and must be afforded adequate treatment. Specifically, they entitled by Law to more considerate treatment and conditions of confinement than criminal whose condition of confinement are designed and Texas to punish." "**Youngberg, 457 U. S. at 322; see also Allen v. Illinois, 478 U.S. 364, 370 (1986)** (In shot, the State has disavowed any interest in punishment, provided for the treatment of those it commits, and established a system under which committed persons may be released after the briefest time in confinement.") The [T]exas Civil Commitment Center, SOTP, operates contrary to [t]hese important principles.

29

(56). The Due Process Clause of the United States Constitution requires that the nature and duration of the confinement bear some reasonable relation to the confinement's non-punitive civil purpose. Thus, the State must ensure that it civilly confines individuals only so long as they are both mentally ill and dangerous to the public. Confinement beyond that point or confinement which imposes restrictions that are so excessive as to indicate the purpose is punitive rather than rehabilitate n nature is unconstitutional.

(57). Unjust Enrichment principle in [l]aw of contracts, by which "a person who has unjustly enriched at the expense of another, is required to make restitution to the other." Restatement ((Third) Restitution § 1. Restitution and unjust enrichment are the modern designations for the older doctrine of "[**q]uasi contracts,"** which are not true contracts, but are "[o]bligationcread by law," when money, property, or services have been obtained by one person at the expense of another and under such circumstances that in equity and good conscience he or she ought not retain it. **See 209 P. 2d 457, 460.**

**(58).** The enumeration of those procedures required by due process varies according to the factual context. The extent to which procedural due process must be afforded a person is influenced, by the extent to which he may be "condemned to suffer grievous loss... and depends upon whether the person's] interest in avoiding that loss outweighs the governmental interest in summary adjudication. Accordingly... 'consideration of what procedures due process may require under any given set of [c]ircumstance, must begin with a determination of the precise nature of the government function involved as well, as of the private interest that has been affected by governmental action'." **397 U. S. 254, 262-263.**

**(59). In Racketeering Influenced and Corrupt Organizations Act [Rico]:"** originally, an organized conspiracy that is between all the defendants namely above personal involvement violation Due Process Clause of the Fourteenth Amendment, deprive punitive to commit extortion. Today, punishable offenses created by Congress to seek the eradication of **"organized crime"** each defendant above plotted by

establishing new penal prohibitions and by providing enhanced sanctions and new remedies to deal with the unlawful activities of hose engaged in organized crime."

(60). This isn't about treatment it about moving you from one prison to another as punitive abusive tactic by making money when they could of have started the treatment right after we started our time. **Behavior Abnormality Doesn't Exists:** In the psychology or psychiatrist community **DSM IV or V.** It's only a legal term created by state legislature of modern day slavery. See **Commitment of Winkle 362 S. W. 3d (Tex. App 2010).** According to Dr. John Tennison, forensic psychiatrist page 249. Also **Petriciolet v. State 442 S. W. 3rd 63 ----what constitutions as junk science!! (Tex. App. 2014) See. Also Bohannan 379 S. W. 3rd 293 (Tex. App. 2010).**

**(61). Violation the Heck doctrine----** Collaterally attacks because the subsequent civil action by the state call into. Question the essential elements of the post criminal conviction. The state uses its petition "suit" to operate just like the civil suit **U. S. 42 U. S. C. § 1983,** that Roy Heck tried to use to try invalidate his criminal conviction. The Texas Civil suit calls into question the essential elements of knowingly, and voluntarily of the past criminal act. See **Heck v. Humphrey, 114 S. Ct. 2364 (1994)**. Within the [n]orms of court had error within trial.

(62). **Violates the Ninth Amendment**, ----- Because the State Law makers misconstrued the constitution and its meaning while at the same time overlooking protection that are not to be infringed upon when making a Bill and Pains and Penalties.

(63). Allegation Claim states a Federal cause for Action demand, seeks under Fourteenth Amendment, Due Process Clause. See **Sagana v. Tenorio, 384 F. 3d 731, 736-37 (9th Cir. 2004)** (A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case). The Due Process Clause of the Fourteenth Amendment, **"[p]rotects pretrial detainees"** who have not been adjudged guilty of any **"crime from"** any condition or restrictions that amount to

31

exemplary, punitive. **Bell v. Wolfish, 441 U. S. 520, 535-37 (1979); see also Valdez v. Rosenbaum, 302 F. 3d 1039, 1045 (9th Cir. 2020) ("Pretrial detainees have a substantive Due Process Rights against restrictions that amount to punishment.")** This right is violated if restriction is "imposed for the purpose of punishment Valdez, 302, F. 3d at 1045 (quoting Bell, 441 U. S. at 535). A pretrial detainee's Fourteenth Amendment failure-to-protect claim requires the following elements:**(1)** the defendant made an intentional decision regarding the conditions under which the Plaintiff, was confined; **(2)** those conditions put the plaintiff, at substantial risk of suffering serious harm; **(3)** the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved-making the consequence of the defendant's conduct obvious; and **(4)** by not taking such measures, the defendant caused the Plaintiff's injuries. **Castro, 833 F. 3d, at 1070.** With respect to third element, the defendant's conduct must be objectively unreasonable, a determination that will turn on the facts and circumstances of each particular case. **Id.**

(64). Which one is the State, taken a Criminal case in by violation an **Ex-POST FACTO:** after the fact and used a **1983,** form to convict client's Civil commitment us by placing their self's above the Law. "[M. T. C.] and [T. C. C. O.]; has been lying to us all due to the force will a punishment now under contract they have change the name: from [T]exas Civil Commitment Center, **too "[S]tate Prison Jail" and reality** it really has nothing to do with treatments it's all about punishment using [T.D.C.J.**];** of a standard due to conflict**s with** Lesbian women officers and staff nurses that acted out in front of residents, as well gay men and they keep trying to make it look good by the Administration as they put us on display**.** This is what they had done to me and others of sleepless nights of [a]ggravated assault of chemical gas **Case No. 1: 23-CV-0234-LY-ML; (ROGERS v. ABBOTT,) et al;** is still in court to date: file **March 2, 2023**, has been referred to Magistrate Judge Mark Lane, for a recommendation on the merits.

(65). **CIVIL RIGHTS KEY 1450**

**78----**

 **78 III FEDERAL REMEDIES IN GENERAL**

**(Formerly 7 8 K 262. 1)**

Injunctive measures ordered against State agency or official ordinarily must be no broader than necessary to remedy constitutional violation, but remedy may go beyond precise terms of specific violation when there is record of past Constitutional violation and violation of past court order or state legislature.

## CONCLUSION

**DECLARATORY STATUTES:** those which merely declare the existing law without proposing any additions or changes, for the pose of resolving conflicts or doubts which have arisen concerning the meaning of a previous statute or portion of the common law. **34 N. W. 2 d 640, 642.**

**Federal Law claim** in a clear and a concise manner, seek sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.." Ashcroft v. Iqbal, 556 U. S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2 d 868 (2009).

## DECLARATION

AT COMMON LAW, THE FORMAL DOCUMENT SETTING FORTH PLAINTIFF'S **CAUSE FOR ACTION,** WHICH INCLUDES THOSE FACTS NECESSARY TO SUSTAIN A PROPER [C]AUSE OF ACTION, AND TO ADVISE [D]EFENDANTS OF THE GROUNDS UPON WHICH HE IS BEING SUED. **SEE 103 A. 228.** A DECLARATION MAY CONTAIN ONE OR MORE COUNTS. It is usually made **"under penalty of perjury"** and is similar to an **affidavit**; however, a declaration need not be [s]worn before a **notary public**. See **82 S. W. 115, 117-118**.

**WHEREFORE**, Both **PLAINTIFF'S** Delbert Rogers, and Victor Jackson, request for relief hopefully it would be granted by all means of the names of against the defendants above, Ms. Jennifer Brown; Mr. Wayne Smoker; Ms. Andria Johnson; Mr. James Winckler; and personal [i]nvolvements of hostile, as of why Mr. Brent Ruebensam, acts of "[s]exual assaults misconduct" that was very intentionally against

Mr. Victor Jackson, by deprive violation of his **Criminal Activities**," Constitutional Rights, by [D]efamation conspiracy to commit crimes and conspires, by denial **Sexual Assaults** and **Mailbox frauds** against client resident's sufficient [h]arms by suffering and abusive tactic. Violation of [C]riminal **Activities,** by **[denial of crimes]** denial of any "**[P]olice reports and policy"** by [D]efamation relief damages, and denial of sexual assault kit for [D.N.A.]; after the assault had taken place. It was reported to administration staff, due to harms of **sexual abusive events**, DefamationDefamation relief damages, PunitivePunitive relief damages, CompensatoryCompensatory relief damages, demands seek [S]ettlements Sums **$ 2.55 Million Dollars**, and damages within their [n]orms of intent each Individual Capacities, for deprive namely above.

RESPECTFULLY SUBMITTED

*Delbert Glenn Rogers*

Delbert G. Rogers, Pro-Se #02634254

Texas Civil Commitment Center

2600 South Sunset, Ave

Littlefield, Texas 79339.

RESPECTFULLY SUBMITTED

*Vict J*

Victor Jackson, #03334170

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339.

## DECLARATION

At common law, the formal document setting forth plaintiff's cause for action, which includes those facts necessary to sustain a proper cause for action and to advise defendant of the grounds upon which he is being sued. **See 103 A. 228.** A declaration may contain one or more counts. Decision to determine; to form a definite opinion; or to come to a conclusion. **459 P. 2d 115,118.**

Executed on this ___/___, day of _FEBRUARY_, 2024.

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY A TRUE AND CORRECT COPIES OF THE FORGOING INSTRUMENTS:**

Being forwarded to United States District Court. **Karen Michael Court Clerk,** 1100 Commerce Street **Room #1452** Dallas, Texas 75242. For the Earle Cabell Federal Building and Courthouse, is located in the Government District of Downtown Dallas, Texas United States. 1100 Commerce Street, Dallas, Texas 75242. **By U. S. Postage Mail.**

**Executed on this ___/___, day of** _FEBRUARY_, **2024.**

**RESPECTFULLY SUBMITTED**

*Delbert Glenn Rogers*

**Delbert G. Rogers, Pro-Se #02634254**

**Texas Civil Commitment Center**

**2600 South Sunset Ave.,**

**Littlefield, Texas 79339.**

**RESPECTFULLY SUBMITTED**

*Victor Jackson #03334170*

**Victor Jackson, #03334170**

**Texas Civil Commitment Center**

**2600 South Sunset Ave.,**

**Littlefield, Texas 79339.**

EARLE CABELL FEDERAL BUILDING AND COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS, DIVISION

Delbert Glenn Rogers, Pro-Se #02634254

Victor Jackson, Pro-Se #03334170

**Plaintiff's**

**3 - 24 CV - 886 - G**

**SUMMONS**

**Motion for Federal Cause for Action**

**Criminal Action Complaint**

**V.**

**CAUSE No. _____.**

Ms. Jennifer Brown

Mr. Wayne Smoker

Mr. Andria Johnson

Mr. James Winckler

Ms. Debra Jennings

Mr. Brent Ruebensam

Mr. Vaulasa Phaosoung

Each [I]ndividual within their [n]orms of

Individual Capacities,

**Defendants.**

_____

**TO THE ABOVE –NAMED DEFENDANTS:**

You are hereby summoned and required to serve upon plaintiffs, whose address is 2600 South Sunset Ave., Littlefield, Texas 79339, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service, or **60** days if the U. S. Government or officer/ agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court      Date: _____.



Delbert S Rogers #02634254
Texas Civil Commitment Center
2600 SOUTH SUNSET AVE.,
LITTLEFIELD, TEXAS 79339

FEB - 6 2024

US POSTAGE & FEES PAID
1 LB PRIORITY MAIL RATE
ZONE 3 NO SURCHARGE
ComBasPrice
06250001443249
9745444
FROM 79339

stamps
endicia
02/01/2024

## USPS PRIORITY MAIL ®

0003

Delbert Rogers
02634254
2600 S. Sunset
LITTLEFIELD TX 79339

SHIP
TO:  UNITED STATES DISTRICT COURT
Northern District of Texas
1100 COMMERCE ST STE 1452
DALLAS TX 75242-1310

**USPS TRACKING #**

9405 5112 0620 4510 8412 84

CT COURT
F TEXAS
CT COURT CLEK
ROOM # 1452
5242

1 OF 1

2/1/24