IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| VICTOR JACKSON, <br> Institutional ID No. 03334170, <br><br> Plaintiff, <br><br> v. <br><br> BRENT RUEBENSAM, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 5:24-CV-53-BV |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## AND ORDER OF TRANSFER

Pro se Plaintiff Victor Jackson filed suit under 42 U.S.C. § 1983, claiming violations of his constitutional rights while housed at the Texas Civil Commitment Center (TCCC). Dkt. No. 1. The undersigned determined that Jackson's claim against Defendant Brent Ruebensam for sexual assault survives screening and ordered Ruebensam to answer. Dkt. Nos. 21–22. Ruebensam timely answered. Dkt. Nos. 23, 25. Because not all parties have consented to jurisdiction by the magistrate judge, the undersigned submits these findings, conclusions, and recommendation and orders this case transferred back to the Honorable James Wesley Hendrix, United States District Judge, for further proceedings.

**1. Jackson's sexual assault claim survives screening under 28 U.S.C. § 1915.**

Jackson was tried and civilly adjudged to be a sexually violent predator (SVP), as defined by Texas Health & Safety Code § 841.003. After completing his criminal sentence, the State of Texas committed Jackson to outpatient treatment and community supervision

and transferred Jackson to the Bill Clayton Detention Center, also known as the TCCC, in Littlefield, Texas, where he remains confined for inpatient treatment in accordance with the provisions of Texas Health & Safety Code § 841.081.

As discussed in the Court's Order to Answer, Jackson is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening procedures of 28 U.S.C. § 1915A. Dkt. No. 22 at 1–2. But because he is proceeding *in forma pauperis* (IFP), his pleadings are subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). *Id.* at 2. Accordingly, the Court reviewed Jackson's amended and supplemental complaints, authenticated records from the TCCC and the TCCO, and testimony presented in a May 4, 2024 evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). Dkt. Nos. 17, 18. The Court dismissed the bulk of Jackson's claims upon screening. Dkt. No. 21. Jackson's only remaining live claim is the sexual assault claim against Ruebensam. The discussion below pertains only to this claim.

## 2. Factual and Procedural Background

The facts of this case arise from a series of events occurring in May 2022 during Jackson's solitary confinement. Dkt. No. 8 at 1. Jackson alleges that, while confined at the TCCC, he was sexually assaulted by Ruebensam, who was employed there as a mental health provider. The Court has included a summary of the facts in its Order to Answer. Dkt. No. 22. at 3.

## 3. Discussion

A civilly committed person's rights are derived from the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). For the reasons explained in the Court's Order to Answer, a direct claim of sexual assault against an official is evaluated under an excessive-use-of-force standard. Dkt. No. 22 at 3–5.

Accepting Jackson's allegations as true, the factual assertions state a claim sufficient to survive preliminary screening and state a Fourteenth Amendment claim for excessive force. *See, e.g., Brown v. Flowers*, 974 F.3d 1178, 1183 (10th Cir. 2020) (concluding that detainee's allegation that guard had "nonconsensual, coerced sex with [her] violated her constitutional rights").

## 4. Recommendation

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. The undersigned **RECOMMENDS** that the United States District Judge enter a Rule 16 scheduling order setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated, and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:24-cv-053-H.

## 5. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 8, 2025.

*[signature]*
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE